566 So.2d 257 (1990)
D.A.D., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1690.
District Court of Appeal of Florida, Fifth District.
March 13, 1990.
On Motion for Rehearing and Rehearing August 9, 1990.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
On Motion for Rehearing and Rehearing En Banc August 9, 1990.
PER CURIAM.
AFFIRMED.
DANIEL, C.J., and COWART and GOSHORN, JJ., concur.

ON MOTION FOR REHEARING AND REHEARING EN BANC
HARRIS, Judge.
We have elected to consider this matter en banc.
D.A.D. appeals his conviction for attempted lewd assault. He contends the court erred in denying him his constitutional right to confront the witnesses against him. We agree and reverse.
On February 23, 1989 the mother of the alleged victims, boys ages 7 and 3, observed one child playing with his genitals and trying to pull on his brother's penis. The boys told her that appellant had done these things to them.
At trial, the state attorney requested that the children's testimony be taken in chambers outside the presence of appellant because the older boy told him that "he would feel uncomfortable and that it would upset him to be in the same room as the defendant." Although defense counsel objected that the justification for denying his client's right to confront the witness had not been properly established, the court stated:
I think the petition, itself, speaks for itself. He's charged with a sexual battery and with lewd assault. And he doesn't want to face this person.
* * * * * *
We're going to have the testimony taken that way. You can appeal it if you don't like it. You come in the courtroom  in the chambers, and it will be broadcast out here.
The judge, counsel and the witness went into chambers and the witness's testimony was broadcast over a speaker into the courtroom where appellant was required to remain.
*258 There was no effort in this case to comply with the requirements of Section 92.54(1), Florida Statutes (1987), in order to justify the denial of appellant's right of confrontation.[1] There was no finding of "a substantial likelihood that the child will suffer at least moderate emotional or mental harm if required to testify in open court." See Fricke v. State, 561 So.2d 597 (Fla. 3d DCA, 1990).
In addition, the court permitted the use of a speaker only, not closed circuit television as required by Section 92.54(1), Florida Statutes, (1987). Further, the judge failed to insure that he and the persons in the room where the child was testifying, and the defendant could communicate by any appropriate electronic method as required by Section 92.54(4), Florida Statutes, (1987). Finally, the child was permitted to testify in such a way that the speaker system was practically useless.
For example, this testimony:
Q. Do you know what that is? Do you know where that is?
A. (No verbal response).
Q. Okay. Can you show us where it is?
A. There, there and there.
* * * * * *
Q. Okay. When you say his private, do you want to show us where it is?
A. (No verbal response).
Q. Okay. Why don't you show me where it is?
A. That one, and he put it on that one.
* * * * * *
Q. Can you show us with the dolls how he was jumping on you?
A. Here's what he was doing. He was going like that. That's what he was doing.
The appellant, therefore, was not even made aware of what he was accused of doing, and this deficiency was made worse by his being unable to communicate with his lawyer during this entire process.
This procedure does not pass either statutory or constitutional muster.
REVERSED and REMANDED for a new trial.
DANIEL, C.J., and DAUKSCH, COBB, W. SHARP, COWART, GOSHORN, PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] The United States Supreme Court has recently upheld a similar statutory provision as not being violative of defendant's right of confrontation in Maryland v. Craig, ___ U.S. ___, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990). The court emphasized that the requisite necessity finding must be case specific. That was not done in the case before us.